UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ERIN O'BRIEN,

                       Plaintiff,

        -against-

CITY OF NEW YORK; Police Officer BRIAN CHRISTENSEN, Shield No. 29540; Police Officer CHRISTINE CHADWICK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.

-------------------------------------------------------------x

12-2831

COMPLAINT

Jury Trial Demanded

BLOCK, J.

REYES, M.J.

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Erin O'Brien ("plaintiff" or "Ms. O'Brien") is a resident of New York County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Brian Christensen, Shield No. 29540 ("Christensen"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Christensen is sued in his individual and official capacities.

10. Defendant Police Officer Christine Chadwick ("Chadwick"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Chadwick is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 5:00 a.m. on March 4, 2012, Ms. O'Brien was lawfully present at 197 Spencer Street in Brooklyn, New York.

15. Ms. O'Brien was at a party inside apartment 9A.

16. Ms. O'Brien had gone to the party with a friend, who had her house keys and phone in his possession.

17. When Ms. O'Brien could not locate her friend within the apartment, she became concerned and went downstairs to look for him.

18. When she got downstairs, Ms. O'Brien discovered her friend in the back of a marked police car.

19. When Ms. O'Brien asked the officers why her friend was in custody, an officer grabbed her arm and threw her to the ground, injuring her.

20. The officers then pinned plaintiff against a car, handcuffed her excessively tightly and put her in a patrol car.

21. The officers arrested Ms. O'Brien without cause, probable or otherwise, and took her to the 79th Precinct.

22. Ms. O'Brien pleaded with the defendants to loosen her handcuffs, which were causing her extreme pain, but they ignored her pleas.

23. At the precinct, two of the defendants pushed Ms. O'Brien to the ground, causing her face to smack into the floor.

24. As a result, Ms. O'Brien's lip was split and she was bleeding from her chin and temple.

25. The defendants placed Ms. O'Brien in a cell at the precinct, removed her handcuffs and gave her an ice pack.

26. Ms. O'Brien requested medical attention but the officers refused to call EMS and told plaintiff that medical attention would significantly delay her arraignment.

27. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit offenses including Resisting Arrest.

28. At no point did the officers observe plaintiff commit any crime or violation.

29. At approximately 4:00 p.m., plaintiff was taken to Brooklyn Central Booking.

30. On the way to Central Booking Ms. O'Brien again requested medical attention and the request was again denied.

31. The male officers who transported Ms. O'Brien to Central Booking had a crude discussion of sexual matters in front of plaintiff and two other female prisoners.

32. At Central Booking, defendant officers informed the medical staff that plaintiff should not be taken to the hospital.

33. After spending the night at Central Booking, Ms. O'Brien was arraigned at approximately 11:00 a.m. on March 5, 2012.

34. At arraignment, the criminal charges against Ms. O'Brien were adjourned in contemplation of dismissal.

35. After spending approximately 30 hours in custody, Ms. O'Brien was released.

36. After her release, Ms. O'Brien obtained medical treatment for her injuries.

37. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was duly served upon defendants.

38. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

39. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

40. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### State Law False Imprisonment and False Arrest

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

49. Plaintiff was conscious of her confinement.

50. Plaintiff did not consent to her confinement.

51. Plaintiff's confinement was not otherwise privileged.

52. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

53. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### Unreasonable Force

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

56. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

59. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

60. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. The individual defendants were aware of plaintiff's need for medical care and failed to act with deliberate indifference to plaintiff's rights.

63. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

64. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure to Intervene

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

67. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

68. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: June 5, 2012
New York, New York

HARVIS MARINELLI
SALEEM & WRIGHT LLP

_____
Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
rmarinelli@hmswlaw.com

*Attorney for plaintiff*